(No. 74173.—<span style="background:black"> </span>

LILY LAKE ROAD DEFENDERS *et al.*, Appellants, v.
THE COUNTY OF McHENRY *et al.*, Appellees.

*Opinion filed July 22, 1993.*

NICKELS, J., took no part.

John D. Gorby, of Chicago, for appellants.

Thomas F. Baker, State's Attorney, and Mary Kay Walter, Assistant State's Attorney, of Woodstock, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:

The plaintiffs, individuals who are affected owners of land on Lily Lake Road and are taxpayers of defendant McHenry County, brought a complaint in the circuit court of McHenry County seeking a declaratory judgment and a writ of *mandamus* against the defendants, the County of McHenry and various individuals associated therewith (collectively McHenry County), the FRAMS gravel pit (FRAMS), a gravel mining operation previously conducted on property on Lily Lake Road, and the estate of Lawrence Youngberg (landowner), the defendant owner of the land upon which FRAMS operated. In their complaint, plaintiffs sought a declaration that section 508 of the 1979 McHenry County zoning ordinance (hereinafter ordinance) was valid and enforceable and a writ of *mandamus* directing McHenry County to enforce its ordinance against FRAMS and the landowner. The ordinance mandates that, *inter alia*, persons who wish to engage in surface mining operations on property within McHenry County must submit a reclamation plan and bond to McHenry County as a condition to receiving a zoning permit to conduct mining operations in McHenry County. The purpose underlying the ordinance's requirement is to ensure that those who

mine the land will restore it upon completion of the mining operations in a manner which is acceptable to McHenry County.

According to the allegations in the complaint, defendant FRAMS conducted surface mining operations on a parcel of land located at 2018 Lily Lake Road, in McHenry County. FRAMS began its operation sometime prior to 1973 and ceased mining operations in 1988.

Defendant McHenry County, a non-home-rule unit of local government, adopted the ordinance *sub judice* in 1979. The ordinance provides:

> "[A]ll operators extracting and/or processing earth materials *** shall apply for a conditional use jointly with the owner of the property *** and shall comply with the operation and reclamation regulations in this section."

As stated, as part of the application for a conditional use permit, the ordinance requires operators and landowners to submit a reclamation plan to the county and to post a reclamation bond to guarantee actual restoration according to the approved plan. Upon completion of reclamation, the county releases the bond to the mining operator. According to the complaint, defendant FRAMS enlarged and increased its surface mining operations by at least 25 acres after 1979 without submitting a reclamation plan or bond to the county. FRAMS ceased all surface mining operations in 1988 without restoring the property.

As stated, the plaintiffs, affected individual landowners of property on Lily Lake Road and McHenry County taxpayers, filed a five-count complaint in the circuit court of McHenry County, seeking a declaration that the ordinance was valid and enforceable and a writ of *mandamus* directing McHenry County to enforce its ordinance against FRAMS and the landowner. In the complaint, plaintiffs alleged that McHenry County's failure to enforce its ordinance against defendants FRAMS and

the landowner has diminished or will diminish the value of their property on Lily Lake Road and will increase their tax burden because, as McHenry County taxpayers, they will have to fund the restoration of the land mined by FRAMS if these defendants are not required to restore it.

At the trial level, both parties moved for summary judgment. Following a hearing, the circuit court granted the defendants' motion for summary judgment and dismissed the complaint, holding that the Illinois Environmental Protection Act of 1970 (hereinafter IEPA) repealed the County Zoning Act of 1935 by implication. The trial court therefore determined that McHenry County's ordinance was invalid and unenforceable *ab initio* because McHenry County lacked statutory authority to enact the ordinance in the first place. The trial court did not expressly decide the mandamus question. A divided appellate court affirmed (231 Ill. App. 3d 858), and we granted the plaintiffs' petition for leave to appeal (134 Ill. 2d R. 315).

In this appeal, we are asked to determine whether and, if so, to what extent the ordinance was affected by the legislature's enactment of the IEPA and the Surface-Mined Land Conservation and Reclamation Act of 1971 (hereinafter Reclamation Act).

McHenry County, as a non-home-rule unit of local government, may exercise only those powers granted to it by law and the Illinois Constitution. (Ill. Const. 1970, art. VII, §7.) McHenry County enacted its ordinance pursuant to authority conferred upon it by State enabling legislation commonly known as the County Zoning Act of 1935 (hereinafter Zoning Act). (See Ill. Rev. Stat. 1979, ch. 34, par. 3151 *et seq.*) The State enabling legislation granted local county governments authority to enact zoning ordinances to regulate the use of land for the common good throughout the county. (See Ill. Rev. Stat.

1979, ch. 34, par. 3151 *et seq.*) Both parties apparently concede that prior to July 1, 1970 (when the IEPA was adopted), local governmental units like defendant McHenry County had authority under the legislature's Zoning Act to enact local zoning ordinances such as the ordinance at issue. (Ill. Rev. Stat. 1979, ch. 34, par. 3151 *et seq.*) Examination of court decisions likewise discloses that, prior to the enactment of the IEPA, local zoning ordinances which restricted the use of land for surface mining operations were within the powers conferred upon counties in the 1935 County Zoning Act. See *Willis v. Menard County Board of Commissioners* (1977), 55 Ill. App. 3d 26; *Elmhurst-Chicago Stone Co. v. County of Kane* (1970), 129 Ill. App. 2d 190; *La Salle National Bank v. County of Cook* (1965), 60 Ill. App. 2d 39.

Defendant McHenry County argues, however, that any authority granted by the legislature under the Zoning Act to counties to enact a local zoning ordinance such as section 508 was repealed by implication when the legislature enacted the IEPA (Ill. Rev. Stat. 1987, ch. 111½, par. 1001 *et seq.*) and the Reclamation Act (see Ill. Rev. Stat. 1987, ch. 96½, par. 4501 *et seq.*). McHenry County argues that, therefore, it had no statutory authority to enact the ordinance in 1979. Accordingly, McHenry County claims that the ordinance it enacted was void *ab initio*.

On the other hand, plaintiffs argue that the legislature did not repeal any portion of the Zoning Act by implication when it enacted the IEPA or the Reclamation Act. The plaintiffs contend that the lower courts in this case erroneously applied the doctrine of repeal by implication and should have applied the doctrine of preemption instead.

In this appeal, we must determine whether and, if so, to what extent the IEPA and/or the Reclamation Act af-

fected McHenry County's authority to regulate the reclamation of local strip-mined land.

At this juncture, we take this opportunity to clarify the doctrines of repeal by implication and preemption. The doctrine of repeal by implication is applied when two enactments of the *same* legislative body are irreconcilable ("horizontal inconsistency"). A statute which is repealed by implication is legally eliminated. Repeal of the repealing statute does not revive the repealed law. (See Ill. Rev. Stat. 1991, ch. 1, par. 1102.) The legislature must expressly reenact a statute which has been repealed by implication to render it valid and enforceable again.

The doctrine of preemption, on the other hand, is applied where enactments of two unequal legislative bodies (*e.g.*, Federal and State) are inconsistent. Where a statute is preempted, there is no repeal of that statute. Rather, the subordinate legislative body's enactment is suspended and rendered unenforceable by the existence of the superior legislative body's enactment. This being so, the repeal of the preempting statute revives or reinstates the preempted statute without express reenactment by the legislature. 1A N. Singer, Sutherland on Statutory Construction §20.27, at 501 (Sands 4th ed. 1985); *Kinsey Distilling Sales Co. v. Foremost Liquor Stores, Inc.* (1958), 15 Ill. 2d 182.

Turning to the merits of the plaintiffs' appeal, we note that, although the use of summary judgment aids in the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) Summary judgment is, therefore, proper only when the resolution of the case hinges upon a question of law and the moving party's right to judgment is clear and free from doubt. *Purtill*, 111 Ill. 2d at 240.

## I. Repeal by Implication

Initially, we will consider whether the IEPA repealed the Zoning Act by implication, thereby depriving McHenry County of any statutory authority to enact the ordinance *ab initio*. As a general rule, repeals by implication are not favored. (*Spaulding School District No. 58 v. Waukegan City School District No. 61* (1960), 18 Ill. 2d 351, 356.) Courts presume that the legislature envisions a consistent body of law when it enacts new legislation. Where there is an alleged conflict between two legislative enactments, this court has a duty to construe those statutes in a manner which avoids an inconsistency and gives effect to both enactments, where such a construction is reasonably possible. See *State of Illinois v. Mikusch* (1990), 138 Ill. 2d 242, 248; *United Citizens of Chicago & Illinois v. Coalition to Let the People Decide in 1989* (1988), 125 Ill. 2d 332.

An implied repeal results only when the terms and necessary operation of a later statute are repugnant to and cannot be harmonized with the terms and effect of an earlier statute. (*People ex rel. City of Salem v. McMackin* (1972), 53 Ill. 2d 347, 363.) In such circumstances, the subsequently enacted statute will repeal the former by implication, since it cannot be presumed that the legislature intended to enact laws which are contradictory. *People ex rel. City of Salem v. McMackin* (1972), 53 Ill. 2d 347, 363.

Applying these principles here, it is evident that the legislature did not intend to repeal the Zoning Act by implication when it enacted the IEPA. The Zoning Act grants counties the "power to regulate and restrict the location and use of *** land for trade, industry, residence and other uses" for the purpose of promoting the public health, safety, morals, comfort and general welfare, and for the purpose of conserving the values of

property throughout the county. (Ill. Rev. Stat. 1979, ch. 34, par. 3151.) The legislature enacted the IEPA, on the other hand, for the stated purpose of establishing a unified, statewide program to restore, protect and enhance the quality of the environment. In enacting the IEPA, the legislature created the Pollution Control Board (Board) and granted it authority to "determine, define and implement the environmental control standards" and to promulgate rules and regulations in accordance with the statute. (Ill. Rev. Stat. 1971, ch. 111½, par. 1005(b).) The IEPA also created the Environmental Protection Agency (Agency) and granted it authority, *inter alia*, to enforce Board regulations and to administer permit systems established by the statute or Board regulations. Ill. Rev. Stat. 1971, ch. 111½, par. 1004; see also *Granite City Division of National Steel v. Illinois Pollution Control Board* (1993), 155 Ill. 2d 149.

The IEPA does not purport to confer zoning powers upon the Board or the Agency. On the contrary, the statute presupposes that counties will continue to exercise such zoning powers, by specifically requiring the Board to take local zoning classifications into account when promulgating regulations pursuant to the IEPA. (Ill. Rev. Stat. 1983, ch. 111½, par. 1027.) Nor are the provisions of the IEPA repugnant to or irreconcilable with those of the Zoning Act. A county which exercises its statutory authority to regulate and restrict the use of land pursuant to the Zoning Act does not necessarily violate the terms or operation of the IEPA. Both statutes may be given effect without thwarting the legislature's intent and courts are under a duty to do so if reasonably possible. See *State of Illinois v. Mikusch* (1990), 138 Ill. 2d 242, 248; *United Citizens of Chicago & Illinois v. Coalition to Let the People Decide in 1989* (1988), 125 Ill. 2d 332.

McHenry County urges that the decisions of this court conclusively establish that the IEPA *repealed* the Zoning Act by implication and thereby deprived non-home-rule units such as itself of all authority to regulate mining activities. Examination of this court's decisions, however, fails to disclose a single instance in which this court discussed or applied the doctrine of repeal by implication. (See, *e.g., County of Cook v. John Sexton Contractors Co.* (1979), 75 Ill. 2d 494; *Carlson v. Village of Worth* (1975), 62 Ill. 2d 406.) On the contrary, this court has uniformly considered the question to be whether the IEPA *preempted* a particular local zoning ordinance which allegedly conflicted with the IEPA and the legislature's intent to establish a statewide system of environmental protection. See *Village of Carpentersville v. Pollution Control Board* (1990), 135 Ill. 2d 463, 468 ("this court had long held that *** the [IEPA] was intended to *preempt* non-home-rule regulations" (emphasis added)); see also *Cosmopolitan National Bank v. County of Cook* (1984), 103 Ill. 2d 302, 308 ("*Carlson v. Village of Worth* (1975), 62 Ill. 2d 406, *** held that local zoning jurisdiction over sanitary landfills was *preempted* by the [IEPA]" (emphasis added)); *County of Kendall v. Avery Gravel Co.* (1984), 101 Ill. 2d 428, 429 ("This appeal requires us to determine whether the regulations of the [IEPA] effectively *preempt* certain zoning ordinances promulgated by Kendall County" (emphasis added)); *John Sexton Contractors Co.*, 75 Ill. 2d at 507 ("This court held [in *Carlson*] that the [IEPA] *preempted* local regulation" (emphasis added)); *Carlson*, 62 Ill. 2d at 408 (expressly agreeing with the appellate court's conclusion that local regulation of a sanitary landfill was *preempted* by the IEPA); *O'Connor v. City of Rockford* (1972), 52 Ill. 2d 360 (IEPA preempted Winnebago County zoning ordinance which required a conditional use permit to operate a sanitary landfill).

The above-cited cases reveal that where a particular local *zoning ordinance* (as opposed to the legislature's Zoning Act) purportedly interfered with the legislative purpose of establishing a statewide environmental program, this court has held that the IEPA *preempted* the ordinance and rendered the ordinance unenforceable against a facility which had acquired a permit pursuant to the IEPA. (See, *e.g.*, *O'Connor v. City of Rockford* (1972), 52 Ill. 2d 360; *Carlson v. Village of Worth* (1975), 62 Ill. 2d 406.) We therefore reject McHenry County's argument that the IEPA repealed by implication its statutory authority to enact the ordinance at issue.

For the same reasons, we also reject McHenry County's claim that the Reclamation Act impliedly repealed its statutory authority to enact the ordinance. The terms and necessary operation of the Reclamation Act are not repugnant to or irreconcilable with the terms and necessary operation of the Zoning Act and the county's authority derived thereunder. In *American Smelting & Refining Co. v. County of Knox* (1974), 60 Ill. 2d 133, the court addressed a direct conflict between the Reclamation Act and a local county's zoning ordinance. In that case, Knox County, a non-home-rule unit like the instant defendant county, sought to require a large surface mining facility, which had obtained a permit from the Department of Mines and Minerals pursuant to the Reclamation Act, to comply with reclamation regulations imposed under a local zoning ordinance. The local ordinance's reclamation standards were more stringent than those imposed under the Reclamation Act. The court compared the Reclamation Act to the IEPA and, applying the rationale of *O'Connor v. City of Rockford* (1972), 52 Ill. 2d 360, concluded that the county could not require the facility to comply with a local zoning ordinance which imposed more stringent reclamation procedures

than those imposed under the legislature's Reclamation Act. *American Smelting*, 60 Ill. 2d at 401-02.

*American Smelting*, however, did not discuss or apply the doctrine of repeal by implication. Instead, the court applied the reasoning of *O'Connor*, which we have interpreted as holding that the IEPA *preempted* a conflicting local zoning ordinance. Accordingly, we interpret *American Smelting* as holding that the Reclamation Act *preempted* a local ordinance which imposed more stringent reclamation standards than those imposed under the State statute. In light of the above, we likewise reject McHenry County's claim that the Reclamation Act repealed the Zoning Act by implication. Therefore, we find that the circuit court erroneously granted defendants' motion for summary judgment on this ground.

## II. Preemption

Our conclusion that the Zoning Act was not repealed by implication by the legislature's enactment of the IEPA or the Reclamation Act does not, of course, answer the broader question of whether the ordinance is valid and enforceable as against the FRAMS gravel pit and the owner of the land. We will next address whether the IEPA or the Reclamation Act preempted that portion of the ordinance which required mining facilities to submit a reclamation plan and bond to McHenry County.

The parties have devoted substantial portions of their briefs to arguments concerning preemption. We find, however, that, for the purposes of this appeal, we need not address these arguments. This is so because we need not decide in this appeal whether the IEPA or the Reclamation Act preempted the ordinance. We have determined that, even if we assume, *without deciding*, that the IEPA and/or the Reclamation Act preempted the ordinance, the preemption was lifted in 1981 when the leg-

islature amended those statutes to specifically permit counties to regulate surface mining facilities.

The 1981 amendments to the Reclamation Act and the EPA provided:

> "The issuance under this Act of a permit to engage in the surface mining of any resources other than fossil fuels *shall not relieve the permittee from its duty to comply with any applicable local law* regulating the commencement, location or operation of surface mining facilities." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 111½, par. 1039(j); Ill. Rev. Stat. 1983, ch. 96½, par. 4503.)

After this amendment went into effect, counties clearly had the authority to regulate surface mining facilities concurrently with the State. Thus, the reclamation procedures set forth in section 508 of the McHenry County zoning ordinance were valid and enforceable, at the latest, after 1981. As previously noted, the FRAMS facility did not cease mining operations until 1988. Because the mining operation continued after the ordinance became enforceable, the FRAMS facility was obligated to comply with that ordinance and to reclaim the land in accordance with the procedures set forth in the ordinance.

McHenry County argues, however, that the amendments to the IEPA and the Reclamation Act did not revive its ordinance, because the ordinance was void from the time of its enactment. The county argues that its county board should have reenacted the ordinance after the IEPA and the Reclamation Act were amended if it wished to render the ordinance valid and enforceable. The defendant county's argument, however, rests upon its presumption that its own statutory authority to enact the ordinance was repealed by implication when the legislature enacted the IEPA or the Reclamation Act. See Ill. Rev. Stat. 1983, ch. 1, par. 1102 (repeal of repealing act does not revive repealed statute).

We have already determined, however, that the doctrine of repeal by implication does not apply here. Instead, we are simply assuming, for the sake of argument, that the IEPA and the Reclamation Act preempted the ordinance. An ordinance which is preempted is not null and void. Instead, the preempted ordinance is simply suspended or rendered unenforceable as long as the conflicting legislation of a superior legislative body remains in effect. Repeal of the preempting legislation, however, revives or reinstates the preempted legislation without express reenactment. (See, *e.g., Kinsey Distilling Sales Co. v. Foremost Liquor Stores, Inc.* (1958), 15 Ill. 2d 182, 193.) Thus, even if we assume that the ordinance was preempted by the IEPA or the Reclamation Act, the preemptive effect of those statutes was lifted when the legislature amended those statutes to expressly authorize local regulation of strip-mining facilities. Accordingly, we find that the ordinance became valid and enforceable against the defendant gravel pit operator and land owner, at the very latest, in 1981.

Although we do not decide the preemption issue, we find it appropriate to briefly comment upon the rather astonishing arguments offered by McHenry County. The county apparently concedes that neither the IEPA nor the Reclamation Act requires the owners and operators of the FRAMS gravel pit to restore that land to a productive use. This is so because the IEPA does not specifically address the restoration of surface-mined land and the Reclamation Act specifically exempts small mining facilities such as FRAMS from its scope. McHenry County nevertheless contends that the legislature intended to bar it from enacting and enforcing a local ordinance which required the restoration of surface-mined land such as the FRAMS gravel pit. The county is basically arguing that, even though the legislature enacted extensive legislation aimed at protecting the environ-

ment, eliminating resource pollution and restoring land to a productive use, it also *intended* to create a loop-hole which permits the FRAMS gravel pit to permanently scar the Lily Lake Road environment without liability. This court will not presume that the legislature intended to promote such an absurd result (*Faheem-El v. Klincar* (1988), 123 Ill. 2d 291) and inflict harm upon the surrounding property owners and local taxpayers of the defendant county.

For the reasons stated, the trial court improperly granted the county's motion for summary judgment. The judgments of the circuit court and the appellate court are reversed and this cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Judgments reversed;*
*cause remanded.*

JUSTICE NICKELS took no part in the consideration or decision of this case.