NOTICE: Under Supreme Court Rule 367 a party has 21 days after the filing of the opinion

to request a rehearing. Also, opinions are subject to modification, correction or withdrawal at

anytime prior to issuance of the mandate by the Clerk of the Court. Therefore, because the

following slip opinion is being made available prior to the Court's final action in this matter,

it cannot be considered the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of Decisions in the Official

Reports advance sheets following final action by the Court.

                                    

               Docket No. 81572--Agenda 14--January 1997.

        In re MARRIAGE OF CYNTHIA LASKY, n/k/a Cynthia Brandeis,

                  Appellee, and JAMES LASKY, Appellant.

                      Opinion filed March 20, 1997.

     CHIEF JUSTICE HEIPLE delivered the opinion of the court:

     This litigation arises out of the separate petitions of

appellee Cynthia Brandies (formerly Cynthia Lasky) and appellant

James Lasky, the divorced mother and father of Michael. Each sought

to modify the existing joint custody award entered pursuant to

their divorce.

     The order dissolving the marriage of James and Cynthia Lasky

was filed on January 31, 1990. Incorporated into the dissolution

order was the parties' joint parenting agreement, under which the

parties agreed to joint custody of their minor child, Michael, born

March 3, 1987. Pursuant to the agreement, Cynthia served as

Michael's primary physical custodian and James had regularly

scheduled visitation. On April 16, 1992, Cynthia filed her petition

for modification of joint custody, and on July 2, 1992, James filed

his own petition for modification of custody. Each sought sole

custody. Prior to trial, the parties stipulated that a substantial

change in circumstances had arisen that made it necessary to modify

joint custody. The trial court accepted the stipulation and

determined that the only issue before the court was the best

interests of the child. After a hearing, the court awarded James

sole custody of Michael on that basis.

     Cynthia appealed. She asserted, first, that the trial court

had employed the wrong standard of proof in making its custody

determination and, second, that the trial court's decision to award

James sole custody of Michael was against the manifest weight of

the evidence. The appellate court reversed based on Cynthia's first

contention. No. 2--95--0185 (unpublished order under Supreme Court

Rule 23). It ruled that the stipulation and the petitions to modify

custody were insufficient, standing alone, to establish changed

circumstances so as to warrant a modification of the custody

decree. Rather, the appellate court ruled that the trial court

still had the duty to determine by other clear and convincing

evidence whether the requisite change in circumstances had been

established that justified a termination of the joint custody

agreement. The appellate court vacated the custody order on that

basis and did not address Cynthia's argument that to award James

sole custody of Michael was against the manifest weight of the

evidence. For the reasons expressed below, we reverse.

     The relevant sections of the Illinois Marriage and Dissolution

of Marriage Act (750 ILCS 5/101 et seq. (West 1994)) (the Act) are

as follows.

     Section 602.1:

               "(b) Upon the application of either or both parents,

          or upon its own motion, the court shall consider an award

          of joint custody. *** In such cases, the court shall

          initially request the parents to produce a Joint

          Parenting Agreement. *** In the event the parents fail to

          produce a Joint Parenting Agreement, the court may enter

          an appropriate Joint Parenting Order ***.

               (c) The court may enter an order of joint custody if

          it determines that joint custody would be in the best

          interests of the child[.]" 750 ILCS 5/602.1 (West 1994).

     Section 610(b):

               "The court shall not modify a prior custody judgment

          unless it finds by clear and convincing evidence, upon

          the basis of facts that have arisen since the prior

          judgment or that were unknown to the court at the time of

          entry of the prior judgment, that a change has occurred

          in the circumstances of the child or his custodian, or in

          that case of a joint custody arrangement that a change

          has occurred in the circumstances of the child or either

          or both parties having custody, and that the modification

          is necessary to serve the best interest of the child. In

          the case of joint custody, if the parties agree to a

          termination of a joint custody arrangement, the court

          shall so terminate the joint custody and make any

          modification which is in the child's best interest. The

          court shall state in its decision specific findings of

          fact in support of its modification or termination of

          joint custody if either parent opposes the modification

          or termination." (Emphasis added.) 750 ILCS 5/610(b)

          (West 1994).

The districts of the appellate court have disagreed on whether, in

the absence of other evidence, parties can agree to terminate joint

custody or whether, despite their agreement, they must prove by

other clear and convincing evidence that circumstances have changed

so as to warrant a modification of joint custody. See, e.g., In re

Marriage of Burke, 185 Ill. App. 3d 253 (2d Dist. 1989) (requiring

that the parents must show by clear and convincing evidence that a

change in circumstances has occurred); In re Marriage of Wycoff,

266 Ill. App. 3d 408 (4th Dist. 1994) (ruling that parties need not

show a change in circumstances when they file cross petitions to

modify joint custody).

     Cynthia urged this court to follow the reasoning of the

appellate court below. It found, citing Burke, that the second

sentence of section 610(b), which provides for the termination of

joint custody where the parties so agree, had been impliedly

repealed by legislative amendments found in Public Act 84--795.

Pub. Act 84--795, §1, eff. January 1, 1986. In Public Act 84--795

the legislature repealed former section 603.1 of the Act, which

provided for joint custody only where both parties agreed. The

legislature also enacted section 602.1, which grants the trial

court the discretion to impose joint custody over the objections of

the parties.

     James countered that an agreement to terminate a joint

custody, by its very nature, constitutes a substantial change in

circumstances. He further asserted that the second sentence of

section 610(b) had not been impliedly repealed and that the

parents' agreement to terminate joint custody then shifted the

focus of the inquiry to the best interests of the child. 750 ILCS

5/610(b) (West 1994).

     As a general rule, a repeal by implication is not favored.

Lily Lake Road Defenders v. County of McHenry, 156 Ill. 2d 1, 9

(1993). Courts assume that the legislature will not draft a new law

that contradicts an existing one without expressly repealing it,

and that the legislature intends a consistent body of law when it

amends or enacts new legislation. Jahn v. Troy Fire Protection

District, 163 Ill. 2d 275, 279-80 (1994); Lily Lake, 156 Ill. 2d at

9. Therefore, courts construe statutory provisions in a manner that

avoids inconsistency and gives full effect to each provision

wherever reasonably possible. Lily Lake, 156 Ill. 2d at 9. The

favored interpretation is the one that allows both statutes to

stand. Jahn, 163 Ill. 2d at 280. To help determine whether a

statute has been repealed by implication, the courts look for

indications that the legislature intended the latter to supersede

the former. See Goodknight v. Piraino, 255 Ill. App. 3d 738, 741

(1993). Implied repeal results only when the terms and operation of

a later statute are so repugnant to the terms and operation of an

earlier one that both cannot stand. Lily Lake, 156 Ill. 2d at 9;

Jahn, 163 Ill. 2d at 280. In such circumstances, the subsequently

enacted statute will repeal the former by implication, since it is

presumed that the legislature would not enact contradictory laws.

Lily Lake, 156 Ill. 2d at 9.

     We do not agree that the second sentence of section 610(b) has

been repealed by implication through enactment of section 602.1. We

note that the legislature added to section 610(b) at the same time

it enacted section 602.1. See Pub. Act 84--795, §1, eff. January 1,

1986. The sentence added provides that "[t]he court shall state in

its decision specific findings of fact in support of its

modification or termination of joint custody if either parent

opposes the modification or termination." 750 ILCS 5/610(b) (West

1994). This directive, immediately following the sentence allowing

the termination of joint custody if both parties agree, indicates

that the legislature anticipated a comprehensive scheme whereby a

joint custody arrangement may be terminated either by the wishes of

the parties or by an order of the court. The fact that the

legislature added to section 610(b) without altering the second

sentence, despite an obvious opportunity to do so, is further

indication that the legislature intended for the second sentence to

stand.

     Furthermore, we do not find a clause allowing parties to

terminate joint custody repugnant with another that authorizes the

court to impose joint custody. Section 602.1 gives the court the

authority to impose joint custody if it determines that such an

arrangement would be in the best interests of the child. Section

602.1(c) directs the court to consider several factors in deciding

to award joint custody, including "the ability of the parents to

cooperate effectively and consistently in matters that directly

affect the joint parenting of the child." 750 ILCS 5/602.1(c)(1)

(West 1994). Such circumstances may exist to support a court's

initial award of joint custody, but they no longer exist when both

parties petition to terminate joint custody. Given their agreement,

it would be pointless and redundant to require the parties to prove

by other clear and convincing evidence the same element that their

agreement makes manifest.

     When, as here, both parties seek to terminate joint custody

and stipulate that a change in circumstances has occurred, it is a

given that a change in circumstances has occurred. At that juncture

the court should move directly to consider what custody

modification is in the child's best interests.

     Accordingly, we reverse the judgment of the appellate court

and remand this cause to the appellate court to consider the

remaining issue, that is, whether the decision to award James sole

custody of Michael was against the manifest weight of the evidence.

Appellate court judgment reversed;

                                            cause remanded with directions.