(No. 86687.—

GANDAJI N. CHAVDA *et al.*, Appellants, v. JAMES J. WOLAK *et al.*, Appellees.

*Opinion filed December 2, 1999.*

William E. Jegen, of Glen Ellyn, for appellants Gandaji N. Chavda and Shobhar G. Chavda.

Thomas P. Bayer and James V. Ferolo, of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellant Village of Lombard.

Robert V. Gildo, of Wheaton, for appellees.

Roger Huebner, of Springfield, for *amicus curiae* Illinois Municipal League.

JUSTICE RATHJE delivered the opinion of the court:
The sole issue presented in this appeal is whether a 1997 amendment to section 11—91—1 of the Illinois Municipal Code is constitutional. We hold that it is.

## BACKGROUND

This appeal arises from the Village of Lombard's efforts to vacate a portion of Edson Street, just north of its intersection with Roosevelt Road. Plaintiffs, Gandaji and Shobhar Chavda, own the property abutting the proposed vacation on the west. Defendants, James and Janice Wolak, own the property abutting the proposed vacation on the east. On June 4, 1998, the Village of Lombard adopted Ordinance No. 4482, which provides that (1) the public interest will be served by vacating the described portion of Edson Street; (2) the fair market value of the described portion of Edson Street is $30,000; and (3) plaintiffs alone shall pay to the Village of Lombard the fair market value for the described portion of Edson Street.

In enacting Ordinance No. 4482, the Village of Lombard relied upon a 1997 amendment to section 11—91—1 of the Illinois Municipal Code (65 ILCS 5/11—91—1 (West 1998)). Prior to the 1997 amendment, section 11—91—1 provided, *inter alia*, that (1) upon a determination that it will serve the public interest, a municipality may vacate any street or alley within its jurisdiction; and (2) a municipality may require all abutting owners to pay compensation to the municipality in exchange for the rights acquired upon vacation. See 65 ILCS 5/11—91—1 (West 1996). The 1997 amendment, in relevant part, added the following language to section 11—91—1:

"If the ordinance provides that only the owner or owners of one particular parcel of abutting property shall make

payment, then the owner or owners of the particular parcel shall acquire title to the entire vacated street or alley, or the part thereof vacated." 65 ILCS 5/11—91—1 (West 1998).

Following the adoption of Ordinance No. 4482, plaintiffs filed a declaratory judgment action in the circuit court of Du Page County. Plaintiffs' complaint sought a declaration that, upon payment of compensation to the Village as set forth in Ordinance No. 4482, plaintiffs would be entitled to receive fee title to the entire vacated portion of Edson Street. Defendants filed a counterclaim, arguing that the amended section 11—91—1 is unconstitutionally vague because it conflicts with section 11—91—2 of the Illinois Municipal Code (65 ILCS 5/11—91—2 (West 1998) (providing that, upon vacation of a street or·alley, title vests proportionately in all abutting owners)); violates the due process clause because, without any standards, it authorizes a municipality to award title to only one of several abutting owners; and violates equal protection and special legislation principles because it discriminates in favor of one landowner without any rational basis.

The parties filed cross motions for summary judgment, and the trial court entered summary judgment in defendants' favor. In so ruling, the trial court noted that, under section 11—91—1, before a street or alley may be vacated, the municipality first must determine that "the public interest will be subserved" by that vacation. By contrast, without requiring any findings whatsoever, the 1997 amendment to section 11—91—1 authorizes the municipality to confer title to only one of several abutting property owners. In the trial court's judgment, section 11—91—1, as amended:

"on its face without any reference to the public good gives the Village the absolute right to pick one of two apparently equally situated property owners and give them the entire fee without any reference to any need under the police

power to do so and without even the basic platitudes that you recited in the usual preambles that follow this kind of legislation about the public good. They don't even have to do that. Now, I suppose maybe that's implicit. Maybe all government officials are charged with that. But that's a scary statute, it seems to me."

Believing that section 11—91—1, as amended, "confer[s] upon a municipality the absolute unilateral and arbitrary right to award one property owner" title to the vacated property, the trial court held that section unconstitutional and unenforceable.

Because the trial court declared an act of the legislature unconstitutional, the appeal from that judgment lies directly with this court. See 134 Ill. 2d R. 302(a).

ANALYSIS

Absolute and Arbitrary Power

The trial court's analysis rests upon a faulty premise, namely, that, absent a statement from the legislature, a municipality has no obligation to act in the public interest. Because section 11—91—1, as amended, expressly requires a municipality to act in the public interest when vacating a street or alley, the trial court believed that the absence of such an express requirement with respect to the transfer of title means that municipalities are free to discriminate arbitrarily among abutting property owners when awarding title. Nothing could be further from the truth.

A municipal enactment, adopted under statutory authority, enjoys a presumption of validity. *City of Decatur v. Chasteen*, 19 Ill. 2d 204, 210 (1960). Nevertheless, the due process clause prohibits the arbitrary, unreasonable, and improper use of municipal power. *City of Decatur*, 19 Ill. 2d at 210. Thus, to overcome the presumption of validity, the party challenging the municipal enactment must show by clear and affirmative evidence that the ordinance is arbitrary, capricious, or unreasonable;

that there is no permissible interpretation of the enactment that justifies its adoption; or that the enactment will not promote the safety and general welfare of the public. *City of Decatur*, 19 Ill. 2d at 210. Stated conversely, every municipal enactment must be free from the constitutional infirmities described above. Thus, a municipality's duty to act in the public interest derives not from a legislative pronouncement but from the due process clause of the constitution itself. See *City of Decatur*, 19 Ill. 2d at 210-11.

Turning to section 11—91—1, as amended, we fail to find a constitutional defect in the legislature's failure to require expressly that a municipality act in the "public interest" when choosing to award title to one of several abutting property owners. As discussed above, the absence of such a requirement does not confer absolute and arbitrary authority upon municipalities. On the contrary, as with every other municipal enactment, the due process clause requires that an ordinance awarding title to one of several abutting property owners bear a reasonable relationship to the public interest sought to be protected. An ordinance enacted under section 11—91—1, as amended, therefore is presumed valid. A party challenging such an ordinance may invalidate it only by presenting clear and convincing evidence that the ordinance is arbitrary, capricious, or unreasonable; that there is no permissible interpretation of the ordinance that justifies its adoption; or that the ordinance will not promote the safety and general welfare of the public. See *City of Decatur*, 19 Ill. 2d at 210.

Because section 11—91—1, as amended, in no way grants absolute and arbitrary power to municipalities, the trial court erred in entering summary judgment in defendants' favor on that basis.

Defendants' Additional Arguments

Defendants argue that, even if section 11—91—1, as

amended, is not unconstitutional for the reason given by the trial court, it is invalid for two additional reasons. Specifically, defendants argue that section 11—91—1, as amended, (1) constitutes special legislation because it discriminates in favor of one landowner without any rational basis;[1] and (2) is unconstitutionally vague because it conflicts with section 11—91—2 of the Illinois Municipal Code. Although the trial court did not decide these issues on the merits, the parties fully briefed and argued these issues in the trial court. Accordingly, we may address them on appeal. See *American National Bank & Trust Co. v. National Advertising Co.*, 149 Ill. 2d 14, 21 (1992) (appellee may raise any argument that supports the trial court's judgment, even if the argument was not directly ruled upon by the trial court).

### Special Legislation

We easily can dispose of defendants' special legislation claim. Article IV, section 13, of the Illinois Constitution provides that "[t]he General Assembly shall pass no special or local law when a general law is or can be made applicable." Ill. Const. 1970, art. IV, § 13. The purpose of this clause is the prevention of arbitrary legislative classifications that discriminate in favor of a select group without a sound, reasonable basis. *People ex rel. Lumpkin v. Cassidy*, 184 Ill. 2d 117, 125 (1998). To this end, a party raising a special legislation claim must, at the very least, prove the existence of an arbitrary legislative classification. See *In re Petition of the Village of Vernon Hills*, 168 Ill. 2d 117, 123 (1995).

Turning to section 11—91—1, as amended, defendants do not identify, and we cannot discern, *any* classification that discriminates in favor of a select group, let

---

[1]Although defendants attacked section 11—91—1 on both equal protection and special legislation grounds in the trial court, they raise only a special legislation challenge before this court.

alone one that does so arbitrarily or without a sound, reasonable basis. Section 11—91—1, as amended, simply authorizes a municipality, in its discretion, to award title to one of several abutting property owners when the public interest so requires. Defendant might have a special legislation claim if, for example, section 11—91—1 dictated that title always be awarded to the owner of the property that abuts the vacated street or alley on the east, or that title always be awarded to the abutting property owner whose last name contains the fewest letters. But this is not the case. Because section 11—91—1, on its face, contains no legislative classification, defendants' special legislation claim necessarily fails.[2]

*Vagueness*

Defendants' final argument is that section 11—91—1, as amended, is unconstitutionally vague because it conflicts with section 11—91—2. We disagree.

Again, as amended, section 11—91—1 provides that, if the vacation ordinance provides that only one abutting owner shall make payment for the entire vacated street or alley, then that abutting owner shall acquire title to the entire vacated street or alley. Section 11—91—2 provides, in its entirety:

"Except in cases where the deed, or other instrument, dedicating a street or alley, or part thereof, has expressly provided for a specific devolution of the title thereto upon the abandonment or vacation thereof, whenever any street or alley, or any part thereof, is vacated under or by virtue of any ordinance of any municipality, the title to the land included within the street or alley, or part thereof, so vacated, vests in the then owners of the land abutting

---

[2]This is not to say that an ordinance adopted pursuant to section 11—91—1 cannot create an arbitrary legislative classification that discriminates in favor of a select group without a sound, reasonable basis. This question, however, goes to the constitutionality of the particular ordinance at issue, not to the constitutionality of the enabling legislation.

thereon, in the same proportions and to the same extent, as though the street or alley has been dedicated by a common law plat (as distinguished from a statutory plat) and as though the fee of the street or alley had been acquired by the owners as a part of the land abutting on the street or alley." 65 ILCS 5/11—91—2 (West 1998).

According to defendants, a conflict exists between sections 11—91—1, as amended, and 11—91—2 because, while section 11—91—1 allows municipalities to grant title to only one abutting owner, section 11—91—2 continues to provide, without exception, that title to a vacated street or alley vests proportionately in all abutting owners.

In construing a statute, a court must ascertain and give effect to the legislature's intent in enacting the statute. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993). Where two legislative enactments allegedly conflict, this court has a duty to construe those statutes in a manner that avoids an inconsistency and gives effect to both enactments, if such a construction is reasonably possible. *Lily Lake Road Defenders v. County of McHenry*, 156 Ill. 2d 1, 9 (1993). The legislature is presumed to have intended that statutes relating to a single subject and controlled by a single policy will be consistent and harmonious, and any apparent conflicts between two such statutes will be reconciled if possible. *Collins*, 155 Ill. 2d at 111-12.

Applying these principles to sections 11—91—1 and 11—91—2, we have little difficulty resolving the apparent conflict. Although section 11—91—2 continues to set forth what appears to be a categorical rule, it is evident that the 1997 amendment to section 11—91—1 was intended to create a limited exception to that categorical rule. Thus, if the vacation ordinance provides that compensation is to be paid by only one abutting owner, section 11—91—1 applies and title to the vacated street or alley vests fully in that abutting owner. In all other in-

stances—that is, when compensation is to be paid by all abutting owners or when no compensation is required—section 11—91—2 applies and title vests in all abutting owners. To be sure, the legislature could have drafted the 1997 amendment to section 11—91—1 more artfully, but we have little difficulty discerning their intent from the face of the amendment.

Accordingly, we reject defendants' claim that sections 11—91—1 and 11—91—2 are in conflict.

### Plaintiffs' Motion for Summary Judgment

Before concluding, we consider briefly plaintiffs' argument that, if this court rejects defendants' facial challenges to section 11—91—1, as amended, we not only must reverse the entry of summary judgment in defendants' favor but also must enter summary judgment in plaintiffs' favor.

Essentially, plaintiffs request that we review and reverse the trial court's denial of their motion for summary judgment. Ordinarily, the denial of a motion for summary judgment is not a final judgment and therefore is not appealable. *Arangold Corp. v. Zehnder*, 187 Ill. 2d 341, 357 (1999). However, an exception exists where, as in this case, the parties file opposing motions for summary judgment on the same claim and the trial court grants one motion and denies the other. *Arangold*, 187 Ill. 2d at 358.

A motion for summary judgment should be granted only when the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998). After reviewing the record, we agree with the trial court that genuine issues of material fact exist and that plaintiffs' motion for summary judgment therefore should be denied. These issues, all of which are raised in defendants' response to plaintiffs' motion for summary judg-

ment, include, but are not limited to, whether (1) the Village previously transferred a portion of the proposed vacation to defendants; (2) plaintiffs have agreed to the terms set forth in Ordinance No. 4482; and (3) Ordinance No. 4482 itself is arbitrary, capricious, or contrary to the public interest. Significantly, when it entered summary judgment in defendants' favor, the trial court specifically noted that the existence of these factual issues precluded the entry of summary judgment in plaintiffs' favor. Accordingly, we will not disturb the trial court's denial of plaintiffs' motion for summary judgment.

## CONCLUSION

We reject all of defendants' challenges to the facial validity of section 11—91—1, as amended. This statute does not confer absolute and arbitrary power upon municipalities, does not constitute special legislation, is not unconstitutionally vague, and does not conflict with section 11—91—2. Accordingly, we reverse the trial court's entry of summary judgment in defendants' favor and remand this cause for further proceedings consistent with this opinion.

*Reversed and remanded.*