(No. 81572.—

*In re* MARRIAGE OF CYNTHIA LASKY, n/k/a Cynthia Brandeis, Appellee, and JAMES LASKY, Appellant.

*Opinion filed March 20, 1997.*

Fortunato, Farrell, Davenport & Arnold, Ltd., of Westmont, for appellant.

Stephen M. Deitsch, of Wheaton, for appellee.

CHIEF JUSTICE HEIPLE delivered the opinion of the court:

This litigation arises out of the separate petitions of appellee Cynthia Brandeis (formerly Cynthia Lasky) and appellant James Lasky, the divorced mother and father of Michael. Each sought to modify the existing joint custody award entered pursuant to their divorce.

The order dissolving the marriage of James and Cynthia Lasky was filed on January 31, 1990. Incorporated into the dissolution order was the parties' joint parent-

ing agreement, under which the parties agreed to joint custody of their minor child, Michael, born March 3, 1987. Pursuant to the agreement, Cynthia served as Michael's primary physical custodian and James had regularly scheduled visitation. On April 16, 1992, Cynthia filed her petition for modification of joint custody, and on July 2, 1992, James filed his own petition for modification of custody. Each sought sole custody. Prior to trial, the parties stipulated that a substantial change in circumstances had arisen that made it necessary to modify joint custody. The trial court accepted the stipulation and determined that the only issue before the court was the best interests of the child. After a hearing, the court awarded James sole custody of Michael on that basis.

Cynthia appealed. She asserted, first, that the trial court had employed the wrong standard of proof in making its custody determination and, second, that the trial court's decision to award James sole custody of Michael was against the manifest weight of the evidence. The appellate court reversed based on Cynthia's first contention. 279 Ill. App. 3d 1105 (unpublished order under Supreme Court Rule 23). It ruled that the stipulation and the petitions to modify custody were insufficient, standing alone, to establish changed circumstances so as to warrant a modification of the custody decree. Rather, the appellate court ruled that the trial court still had the duty to determine by other clear and convincing evidence whether the requisite change in circumstances had been established that justified a termination of the joint custody agreement. The appellate court vacated the custody order on that basis and did not address Cynthia's argument that to award James sole custody of Michael was against the manifest weight of the evidence. For the reasons expressed below, we reverse.

The relevant sections of the Illinois Marriage and

Dissolution of Marriage Act (750 ILCS 5/101 *et seq.* (West 1994)) (the Act) are as follows.

Section 602.1:

"(b) Upon the application of either or both parents, or upon its own motion, the court shall consider an award of joint custody. \*\*\* In such cases, the court shall initially request the parents to produce a Joint Parenting Agreement. \*\*\* In the event the parents fail to produce a Joint Parenting Agreement, the court may enter an appropriate Joint Parenting Order \*\*\*.

(c) The court may enter an order of joint custody if it determines that joint custody would be in the best interests of the child[.]" 750 ILCS 5/602.1 (West 1994).

Section 610(b):

"The court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian, or in the case of a joint custody arrangement that a change has occurred in the circumstances of the child or either or both parties having custody, and that the modification is necessary to serve the best interest of the child. *In the case of joint custody, if the parties agree to a termination of a joint custody arrangement, the court shall so terminate the joint custody and make any modification which is in the child's best interest.* The court shall state in its decision specific findings of fact in support of its modification or termination of joint custody if either parent opposes the modification or termination." (Emphasis added.) 750 ILCS 5/610(b) (West 1994).

The districts of the appellate court have disagreed on whether, in the absence of other evidence, parties can agree to terminate joint custody or whether, despite their agreement, they must prove by other clear and convincing evidence that circumstances have changed so as to warrant a modification of joint custody. See, *e.g., In re Marriage of Burke,* 185 Ill. App. 3d 253 (2d Dist. 1989) (requiring that the parents must show by clear

and convincing evidence that a change in circumstances has occurred); *In re Marriage of Wycoff*, 266 Ill. App. 3d 408 (4th Dist. 1994) (ruling that parties need not show a change in circumstances when they file cross petitions to modify joint custody).

Cynthia urged this court to follow the reasoning of the appellate court below. It found, citing *Burke*, that the second sentence of section 610(b), which provides for the termination of joint custody where the parties so agree, had been impliedly repealed by legislative amendments found in Public Act 84—795. Pub. Act 84—795, § 1, eff. January 1, 1986. In Public Act 84—795 the legislature repealed former section 603.1 of the Act, which provided for joint custody only where both parties agreed. The legislature also enacted section 602.1, which grants the trial court the discretion to impose joint custody over the objections of the parties.

James countered that an agreement to terminate a joint custody, by its very nature, constitutes a substantial change in circumstances. He further asserted that the second sentence of section 610(b) had not been impliedly repealed and that the parents' agreement to terminate joint custody then shifted the focus of the inquiry to the best interests of the child. 750 ILCS 5/610(b) (West 1994).

As a general rule, a repeal by implication is not favored. *Lily Lake Road Defenders v. County of McHenry*, 156 Ill. 2d 1, 9 (1993). Courts assume that the legislature will not draft a new law that contradicts an existing one without expressly repealing it, and that the legislature intends a consistent body of law when it amends or enacts new legislation. *Jahn v. Troy Fire Protection District*, 163 Ill. 2d 275, 279-80 (1994); *Lily Lake*, 156 Ill. 2d at 9. Therefore, courts construe statutory provisions in a manner that avoids inconsistency and gives full effect to each provision wherever reasonably possible. *Lily*

*Lake,* 156 Ill. 2d at 9. The favored interpretation is the one that allows both statutes to stand. *Jahn,* 163 Ill. 2d at 280. To help determine whether a statute has been repealed by implication, the courts look for indications that the legislature intended the latter to supersede the former. See *Goodknight v. Piraino,* 255 Ill. App. 3d 738, 741 (1993). Implied repeal results only when the terms and operation of a later statute are so repugnant to the terms and operation of an earlier one that both cannot stand. *Lily Lake,* 156 Ill. 2d at 9; *Jahn,* 163 Ill. 2d at 280. In such circumstances, the subsequently enacted statute will repeal the former by implication, since it is presumed that the legislature would not enact contradictory laws. *Lily Lake,* 156 Ill. 2d at 9.

We do not agree that the second sentence of section 610(b) has been repealed by implication through enactment of section 602.1. We note that the legislature added to section 610(b) at the same time it enacted section 602.1. See Pub. Act 84—795, § 1, eff. January 1, 1986. The sentence added provides that "[t]he court shall state in its decision specific findings of fact in support of its modification or termination of joint custody if either parent opposes the modification or termination." 750 ILCS 5/610(b) (West 1994). This directive, immediately following the sentence allowing the termination of joint custody if both parties agree, indicates that the legislature anticipated a comprehensive scheme whereby a joint custody arrangement may be terminated either by the wishes of the parties or by an order of the court. The fact that the legislature added to section 610(b) without altering the second sentence, despite an obvious opportunity to do so, is further indication that the legislature intended for the second sentence to stand.

Furthermore, we do not find a clause allowing parties to terminate joint custody repugnant with another that authorizes the court to impose joint custody. Sec-

tion 602.1 gives the court the authority to impose joint custody if it determines that such an arrangement would be in the best interests of the child. Section 602.1(c) directs the court to consider several factors in deciding to award joint custody, including "the ability of the parents to cooperate effectively and consistently in matters that directly affect the joint parenting of the child." 750 ILCS 5/602.1(c)(1) (West 1994). Such circumstances may exist to support a court's initial award of joint custody, but they no longer exist when both parties petition to terminate joint custody. Given their agreement, it would be pointless and redundant to require the parties to prove by other clear and convincing evidence the same element that their agreement makes manifest.

When, as here, both parties seek to terminate joint custody and stipulate that a change in circumstances has occurred, it is a given that a change in circumstances has occurred. At that juncture the court should move directly to consider what custody modification is in the child's best interests.

Accordingly, we reverse the judgment of the appellate court and remand this cause to the appellate court to consider the remaining issue, that is, whether the decision to award James sole custody of Michael was against the manifest weight of the evidence.

*Appellate court judgment reversed;*
*cause remanded with directions.*