NO. 5-96-0679

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

In re
 MARRIAGE OF LEE MELTON,      )  Appeal from the

                                   )  Circuit Court of

     Petitioner-Appellee,          )  Clay County.

                                   )

and                                )  No. 94-D-88

                                   )

CINDY MELTON,                      )  Honorable

                                   )  Sherri L.E. Tungate,

     Respondent-Appellant.         )  Judge, presiding.

_________________________________________________________________

JUSTICE RARICK delivered the opinion of the court:

Lee Allen Melton, father, petitioned for a change of custody of the parties' daughters, ages 14 and 10, some five months after the original judgment awarded joint custody.  The circuit court of Clay County agreed to terminate the joint custody arrangement and awarded custody to father.  Cynthia Annette Melton, mother, appeals, arguing the court used the wrong standard in changing custody and failed to take into account fully the best interests of the children.  Mother also asserts that the 
in camera
 interview of the children conducted by the court shows bias in favor of father.

Father and mother were married in 1979.  Following their separation, the parties' two daughters continued to reside with mother, and under the joint parenting agreement, mother was made primary custodian.  Some five months after entering the joint parenting agreement, however, father petitioned to modify custody, alleging both that the present environment of the minor children may endanger seriously their physical, mental, moral, or emotional health and that the best interests of the minor children would be better served by changing custody to him.  Mother initially moved to have father's petition dismissed, but eventually she requested termination of the joint parenting agreement also.

At the time of trial, father was living in his house with his fiancee and her 10-year-old daughter.  Mother had moved to a nearby town and was involved in a relatively new dating relationship.  The younger daughter was continuing to do well in school, while the older daughter still needed specialized programs to cope with her learning and behavioral disabilities.  The older daughter told the court 
in camera
 that she did not believe that her father fully understood her problems, and she indicated that her mother was more patient in dealing with her difficulties.  Mother further testified she, too, is in counseling, primarily to work out her resentment stemming from the breakup of the parties' marriage.  According to the counselor, mother has made significant improvement, yet the record is also replete with displays of resentment between the parties, some ending with police involvement and several occurring in front of the children.  The trial court concluded that mother's acrimonious reaction to the breakup of her marriage was still present, causing her to make several unwise choices, to exhibit harmful behavior in front of the children, and to act out of spitefulness or personal interests, instead of taking into consideration the welfare of the children.  Accordingly, the court awarded primary custody to father with reasonable rights of visitation to mother.  

Mother contends the court erred both in failing to consider and by making no specific finding of fact as to the present environment being a serious danger to the children's physical, mental, moral, or emotional health justifying a change in custody within two years of the original custody order.  Mother also argues the court ignored the statutorily created presumption in favor of the primary custodian in applying the best-interest-of-the-child standard and further failed to consider factors which negatively impacted upon transferring primary custody of the parties' daughters to father.

A modification of a custody judgment is governed by section 610 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/610 (West 1994)).  Section 610 provides in part:

"(a) Unless by stipulation of the parties, no motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.

(b) The court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian, or in the case of a joint custody arrangement that a change has occurred in the circumstances of the child or either or both parties having custody, and that the modification is necessary to serve the best interest of the child.  
In the case of joint custody, if the parties agree to a termination of a joint custody arrangement, the court shall so terminate the joint custody and make any modification which is in the child's best interest
."  (Emphasis added.)  750 ILCS 5/610 (West 1994).

Mother focuses on subsection (a) of the statute; unfortunately, subsection (b) is what is relevant here.  By asking the court to terminate the joint custody agreement in her answer to father's petition requesting termination of the joint agreement, mother triggered the provisions specified in subsection (b) highlighted above.  See 
In re Marriage of Apperson
, 215 Ill. App. 3d 378, 383, 574 N.E.2d 1257, 1260 (1991); 
In re Marriage of Lovejoy
, 158 Ill. App. 3d 1, 3, 510 N.E.2d 636, 637 (1987).  Once the parties agreed to terminate the joint parenting agreement, there was no need to show any serious endangerment to the children's physical, mental, moral, or emotional health.  Section 610(b) clearly provides that, under these circumstances, the trial court shall make any modification which is in the children's best interest.  
In re Marriage of Lasky
, 176 Ill. 2d 75, 81, 678 N.E.2d 1035, ___, (1997); 
In re Marriage of Oertel
, 216 Ill. App. 3d 806, 814, 576 N.E.2d 435, 442 (1991).  As recognized in 
In re Marriage of Wycoff
, 266 Ill. App. 3d 408, 639 N.E.2d 897 (1994), joint custody can only succeed where the parties have an ability to cooperate effectively and consistently with each other towards the best interest of the child, and when such cooperation no longer exists, joint custody should be readily terminated.  
Wycoff
, 266 Ill. App. 3d at 412, 639 N.E.2d at 901.  Requiring a stricter standard defeats the purpose of protecting the child, and as pointed out by our supreme court in 
Lasky
, the petitions to terminate joint custody standing alone establish a substantial change in circumstances.  
Lasky
, 176 Ill. 2d at 81, 678 N.E.2d at ___.  We therefore conclude that the trial court applied the proper standard in modifying custody in this instance.  More importantly, we find that the trial court reached the correct result in transferring primary custody of the parties' daughters to father.

Once a court concludes that a change in custody is necessary, great deference must be accorded that decision.  
In re Custody of Sussenbach
, 108 Ill. 2d 489, 499, 485 N.E.2d 367, 371 (1985).  The trial court alone is in the best position to judge the credibility of the witnesses and determine the needs of the child or children.  
Sussenbach
, 108 Ill. 2d at 499, 485 N.E.2d at 371; 
Apperson
, 215 Ill. App. 3d at 383, 574 N.E.2d at 1271.  We sitting as court of review are not to try the case 
de novo
; rather, we are to determine whether the trial court's decision is contrary to the manifest weight of the evidence.  
Lasky
, 176 Ill. 2d at 81, 678 N.E.2d at ___; 
Sussenbach
, 108 Ill. 2d at 499, 485 N.E.2d at 371.  It is true that stability and continuity are major considerations in custody decisions, so that a presumption exists in favor of the present custodian.  See 
Wycoff
, 266 Ill. App. 3d at 410, 639 N.E.2d at 900; 
In re Marriage of Good
, 208 Ill. App. 3d 775, 778, 566 N.E.2d 1001, 1003 (1991).  But once a trial court has determined that the presumption in favor of the present custodian has been overcome, we are not to disturb that determination unless it is contrary to the manifest weight of the evidence.  
In re Marriage of Kramer
, 211 Ill. App. 3d 401, 409, 570 N.E.2d 422, 428 (1991).  We cannot say that the court's decision in this instance is contrary to the manifest weight of the evidence.  The trial court specifically noted that mother's acrimonious reaction to the breakup of her marriage to father has caused her on several occasions to make immature choices and to put her own welfare ahead of the children's.  The record clearly supports such findings.  It is true mother is working with a counselor to not only help with her own problems but also to better assist her older daughter with her difficulties.  This does not mean, however, the children's best interests are served at this time by staying with mother.  The court was aware of mother's work with her older daughter and therefore specifically ordered that mother be advised concerning the older daughter's development plans and that she be allowed to attend any conferences related to such plans and/or programs.  Mother still will play a significant role in her children's lives, and hopefully under the new arrangement, both parties will be able to, as the trial court expressed, "enhance and encourage the respect, love and affection of the children toward each parent," to "give the children the maximum feeling of security that is possible."  Accordingly, we find no error in the decision to change custody to father.  We also find no abuse of discretion or alleged bias in the 
in camera
 interviews that would mandate reversal in this instance.

For the aforementioned reasons, we affirm the judgment of the circuit court of Clay County modifying primary custody to father.

Affirmed.

KUEHN, P.J., and MAAG, J., concur.