No. 2--00--1291

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 MARRIAGE OF             ) Appeal from the Circuit Court

                              ) of Du Page County.

EDWARD T. RICKETTS,           )

                              )

     Petitioner-Appellee,     )      

                              )          

and                           ) No. 95--D--2364

                              )                  

DENISE A. RICKETTS,           ) Honorable

                              ) Rodney W. Equi,

Respondent-Appellant.    ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

The trial court terminated the joint custody arrangement of the minor child of the parties, A.R., and awarded sole custody to the father, petitioner, Edward Ricketts.  The trial court also ordered the respondent, the mother, Denise Ricketts, to pay support for the child in the amount of $1,124 per month.  Denise appeals.  We affirm. 

Edward Ricketts and Denise Brown were married on October 4, 1985.  One child, A.R., was born to the parties on August 4, 1995, after three years of fertility treatments.  The parents separated when the child was three weeks old.  Edward moved out of the marital residence and on September 1, 1995, filed a petition for dissolution of marriage.  Denise filed a counterpetition for dissolution.  Both parties sought sole custody of their only child, A.R.

The child lived with Denise on a continuous basis throughout the dissolution proceedings.  On February 20, 1997, a judgment for dissolution of marriage, marital settlement agreement, and joint parenting agreement was entered.  The agreements provided for joint custody of A.R.  The joint parenting agreement specified the joint custody arrangement, including a visitation schedule for Edward, as the child continued to reside with Denise in the former marital residence, holiday and vacation time, child support payments by Edward, and other arrangements for the care of the child.

Difficulties concerning the visitation and care of A.R. pursuant to the joint parenting agreement quickly ensued.  On September 5, 1997, Edward filed a petition for a change of custody, seeking the sole custody of A.R.  Mediation of the custody and visitation disputes did not resolve continued problems with the joint custody arrangement.  On September 10, 1999, Edward filed a second petition for a change of custody, again seeking the sole custody of A.R.  On October 22, 1999, Denise also filed a petition to change custody, seeking the sole custody of the child.

A lengthy evidentiary hearing was held on the cross-petitions for change of custody filed by both parents.  After hearing testimony from numerous witnesses over the course of three weeks, the trial court entered a memorandum opinion on October 3, 2000.  Utilizing the best interest standard, the trial court concluded that it was in the best interest of A.R. to terminate the joint parenting agreement and provide Edward with the sole custody of A.R., with visitation by Denise.  Based on the trial court's six-page opinion, it appears that its decision to transfer sole custody to Edward was based on evidence that Denise was "committed to minimizing if not destroying Edward's parenting rights," which is not in the best interest of the child.  On October 20, 2000, an order was entered modifying the judgment for dissolution of marriage to terminate the joint parenting agreement and incorporate the trial court's ruling concerning custody and visitation contained in its memorandum opinion of October 3, 2000.  

On appeal, Denise contends that the trial court's decision to provide sole custody to Edward is against the manifest weight of the evidence.  She makes this argument by repeatedly asserting that the trial court's decision was made in an effort to punish her for failing to comply with court orders concerning Edward's visitation.  She also contends that the trial court's decision failed to consider the best interests of A.R. in that the custodial transfer will have a devastating impact on the child.  

We note at the outset that Denise's brief, consisting of 75 pages, contains scant citation to the record, to the evidence adduced at the three-week hearing, or to the trial court's findings to support her assertion.  Instead, she resorts to speculation and acrimonious attacks on the trial court's ruling without citation to pertinent authority or portions of the voluminous record submitted on appeal.  

Denise's brief stands in violation of Supreme Court Rule 341.  188 Ill. 2d R. 341.  Throughout most of the argument portion of her brief, she fails to cite to the record so as to direct us to those places where her claims can be substantiated.  The appellate court is not a depository onto which a litigant may dump the burden of research and review of the record.  This practice violates Supreme Court Rule 341 (188 Ill. 2d R. 341) and makes our review unduly onerous.  Such a failure generally results in waiver of the issue on appeal.  
Ray Dancer, Inc. v. DMC Corp.
, 175 Ill. App. 3d 997, 1005 (1988).  However, we will review the issues raised by Denise on the merits, considering that the interests of a child are at issue.

Denise first contends that the trial court's order providing Edward with the sole custody of A.R. is against the manifest weight of the evidence.  A decision regarding child custody modification will not be disturbed on appeal unless it is against the manifest weight of the evidence.  
In re Marriage of Divelbiss
, 308 Ill. App. 3d 198, 206 (1999).  In determining whether a judgment is contrary to the manifest weight of the evidence, the reviewing court views the evidence in the light most favorable to the appellee.  
Divelbiss
, 308 Ill. App. 3d at 206.  Where the evidence permits multiple reasonable inferences, the reviewing court will accept those inferences that support the court's order.  
Divelbiss
, 308 Ill. App. 3d at 206-07.  We will affirm the trial court's ruling if there is any basis to support the trial court's findings.  
Divelbiss
, 308 Ill. App. 3d at 207. The trial court's custody determination is afforded "great deference" because the trial court is in a superior position to judge the credibility of the witnesses and determine the best interests of the child.  
In re Marriage of Gustavson
, 247 Ill. App. 3d 797, 801 (1993).

In a footnote, Denise challenges the standard applied by the trial court.  She asserts that a change in custody should have been granted only if the trial court found, by clear and convincing evidence, that a change in circumstances occurred such that the modification of the joint parenting agreement was in the best interest of the child.  Although both Edward and Denise filed petitions to modify the joint custody agreement, each seeking sole custody, Denise claims that she did not agree to a termination and that clear and convincing evidence of a change in circumstances was necessary to terminate the joint custody agreement. 

Section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides as follows:

"The court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian, or in the case of a joint custody arrangement that a change has occurred in the circumstances of the child or either or both parties having custody, and that the modification is necessary to serve the best interest of the child.  In the case of joint custody, if the parties agree to a termination of a joint custody arrangement, the court shall so terminate the joint custody and make any modification which is in the child's best interest.  The court shall state in its decision specific findings of fact in support of its modification or termination of joint custody if either parent opposes the modification or termination."  750 ILCS 5/610(b) (West 2000).

Although no stipulation was entered whereby both parents agreed that the joint custody agreement should be terminated, as in 
In re Marriage of Lasky
, 176 Ill. 2d 75 (1997), both parties filed petitions to modify the custody agreement, each seeking sole custody.  We agree with the trial court's reasoning that, by filing a petition to modify the custody agreement, Denise impliedly agreed that the parties were not able to cooperate and jointly parent their daughter.  See 
In re Marriage of Melton
, 288 Ill. App. 3d 1084, 1087 (1997).  The fact that no formal stipulation or agreement was reached is irrelevant.  Once both parties moved to terminate the joint parenting agreement, there was no need to show any serious endangerment to the child's physical, mental, moral, or emotional health.  Section 610(b) provides that, under these circumstances, the trial court shall make any modification that is in the children's best interest.  
Lasky
, 176 Ill. 2d at 81; 
In re Marriage of Oertel
, 216 Ill. App. 3d 806, 814 (1991).  

As recognized in 
In re Marriage of Wycoff
, 266 Ill. App. 3d 408 (1994), joint custody can succeed only where the parties have an ability to cooperate effectively and consistently with each other towards the best interest of the child.  When such cooperation no longer exists, joint custody should be readily terminated.  
Wycoff
, 266 Ill. App. 3d at 412.   Requiring a stricter standard defeats the purpose of protecting the child, and, as pointed out by our supreme court in 
Lasky
, the petitions to terminate joint custody standing alone establish a substantial change in circumstances.  
Lasky
, 176 Ill. 2d at 81.   We, therefore, conclude that the trial court applied the proper standard in modifying custody in this instance.  

After close scrutiny of the trial proceedings, we determine that the trial court's decision to terminate the joint custody arrangement and grant Edward sole custody of A.R. was consistent with the manifest weight of the evidence presented at the evidentiary hearing.  Section 602 of the Act directs the trial court to consider the following factors in determining custody in accordance with the best interest of the child:

"(1) the wishes of the child's parent or parents as to his custody;

(2) the wishes of the child as to his custodian;

(3) the interaction and interrelationship of the child with his parent or parents, his siblings and any other person who may significantly affect the child's best interest;

(4) the child's adjustment to his home, school and community;

(5) the mental and physical health of all individuals involved;

(6) the physical violence or threat of physical violence by the child's potential custodian, whether directed against the child or directed against another person;

(7) the occurrence of ongoing abuse as defined in Section 103 of the Illinois Domestic Violence Act of 1986, whether directed against the child or directed against another person; and 

(8) the willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child."  750 ILCS 5/602(a) (West 2000).

Contrary to Denise's contention, there is no indication that the trial court failed to consider these factors in its decision or that its decision was contrary to the manifest weight of the evidence.  In the trial court's view, evidence was presented by Edward mostly with regard to Denise's mental health and her failure to facilitate and encourage a close and continuing relationship between A.R. and Edward.  Although Denise presented evidence at the hearing that established a close relationship between mother and child and the child's positive adjustment toward her current custodial situation, there was no evidence presented by either party concerning the child's wishes concerning custody.

Nevertheless, the evidence overwhelmingly established that Denise failed to foster a close and continuing relationship between A.R. and Edward by repeatedly interfering with Edward's visitation schedule, failing to facilitate a calm and positive environment for the child at the point of transfer for visitation, and making derogatory remarks concerning Edward and his family in the child's presence.  The fact that the court did not interview A.R. or hear any evidence concerning her wishes about custody, or that the evidence indicated that both parents interacted appropriately with A.R., does not lead us to conclude that the court's decision was against the manifest weight of the evidence.

A great deal of evidence was presented through the testimony of family, friends, school teachers, police officers, custody evaluators, physicians, and the parties on the issues of A.R.'s progress at school, her relationships with peers and family members, visitation with Edward, Denise's performance on personality tests, and the interaction between Denise and Edward during the transfers for visitation. The court's memorandum opinion specifically states that it attributed virtually no weight to the testimony of physicians that evaluated Denise pursuant to Supreme Court Rule 215, since these persons last saw her approximately four years earlier.  Therefore, we reject Denise's contention that she was denied a fair trial or that the trial court's decision was tainted by "inflammatory" and "prejudicial" testimony from these physicians.

Stability for a child is a major consideration with both an initial award of custody and with a modification of custody under section 610 of the Act.  
In re Marriage of Wycoff
, 266 Ill. App. 3d 408, 410 (1994).  By creating a presumption in favor of the present custodian, the legislature in section 610 sought to promote stability and continuity in the child's custodial and environmental relationships.  
In re Custody of Harne
, 77 Ill. 2d 414, 421 (1979).  In 
Wycoff
, 266 Ill. App. 3d at 412-13, the court noted that stability and continuity are in the best interest of a child and that the presumption in favor of the present custodian should be applied, even when a joint custody arrangement is terminated by agreement.  

In discussing the evidence presented, the trial court noted that the child's adjustment to her current home and community favored placement with Denise, since the child resided with her since the dissolution and there was a strong bond between the mother and her child.  Although the trial court's memorandum opinion does not specifically state that the evidence presented rebutted the statutory presumption in favor of Denise as the present custodian, the court's reference to the present custodial arrangement indicates that it was considered.  The court further noted that the evidence presented at the hearing focused on the mental and physical health of Denise (750 ILCS 5/602(a)(5) (West 2000)) and the willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child (750 ILCS 5/602(a)(8) (West 2000)).  The court found that providing sole custody to Edward was in the child's best interest, reasoning as follows:

"The record is replete with additional testimony substantiating Denise's absolute disregard of Edward's parenting rights.  If there were some minor occurrences over control it may not have been enough to outweigh in [A.R.]'s interest in the strong relationship between Denise and [A.R.]. Here however it is plain that Denise is committed to minimizing if not destroying Edward's parenting rights, and to permit such conduct is not in A.R.'s best interests."  

Based on the trial court's comments, it is clear that the court considered the present custodial arrangement but determined that the presumption in favor of preserving this relationship was rebutted by the evidence presented.  

A custody determination, in particular, is afforded "great deference" because the trial court is in a superior position to judge the credibility of the witnesses and determine the best interests of the child.  
Divelbiss
, 308 Ill. App. 3d at 207.  The trial court noted that it found the testimony of Edward and Denise particularly relevant to its decision and that Denise's explanation of various exchanges with Edward was "unconvincing, and often unclear and contradictory" and that "her attempts to explain these occurrences are not plausible; indeed, her testimony is often so transparent that the court wonders about her mental health."  Based on the evidence presented, including the testimony of Edward and Denise, the trial court found that Denise obstructed the relationship between Edward and A.R., asserted "complete authority" over when and how Edward was able to see the child, deprived Edward of substantial parenting time, and in sum totally failed and refused to facilitate or encourage a close and continuing relationship between Edward and the child.  In contrast, however, the evidence did not establish that Edward attempted to undermine Denise's relationship with the child. 

Having had a superior opportunity to observe the witnesses, evaluate the evidence, and consider the needs of A.R., the trial court was in a better position than the reviewing court to determine the child's best interest.  See 
In re Marriage of Karonis
, 296 Ill. App. 3d 86, 88 (1998).  A determination of custody will not be overturned unless the trial court's decision is contrary to the manifest weight of the evidence.  
In re Marriage of Petraitis
, 263 Ill. App. 3d 1022, 1031 (1993).  A judgment is against the manifest weight of the evidence when the opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based upon the evidence. 
Karonis
, 296 Ill. App. 3d at 88.  In light of the evidence presented at the hearing, and the lack of evidence concerning the impact of a transfer of custody on the welfare of A.R., the trial court's judgment was consistent with the manifest weight of the evidence. 

Denise next contends that the trial court erred by failing to appoint a guardian 
ad litem
 for A.R. in determining custody. Section 506 of the Act provides: 

"[i]n any proceedings involving the support, custody, visitation, education, parentage, property interest, or general welfare of a minor or dependent child, the court may, on its own motion or that of any party, and subject to the terms or specifications the court determines, appoint an attorney to serve in one of the following capacities: 

(1) as an attorney to represent the child; 

(2) as a guardian 
ad litem
 to address issues the court delineates; 

(3) as a child's representative whose duty shall be to advocate what the representative finds to be in the best interests of the child after reviewing the facts and circumstances of the case."  750 ILCS 5/506(a) (West 2000).  

The appointment of a guardian 
ad litem
 is subject to the sound discretion of the trial court, and the failure of the trial court to appoint a guardian 
sua sponte
 is not an abuse of discretion.  
In re Marriage of Doty
, 255 Ill. App. 3d 1087 (1994).  

Although Denise now claims that a guardian should have been appointed, there is no indication that she ever sought such an appointment in the trial court.  In any event, the child's best interests were adequately considered by the trial court.  Numerous witnesses, including psychologists, therapists, and a custody evaluator testified concerning the child's best interests.  The court also heard from the child's baby-sitters, family, friends, and neighbors.  We cannot say under the facts of this case that the trial court abused its discretion in failing to appoint a guardian 
ad litem
 for A.R.

 Finally, Denise contends that the trial court abused its discretion by ordering her to pay child support in the amount of $1,124 per month based on an imputed income of $100,000 per year.  She contends that the evidence concerning her income was not concrete and that the trial court should have conducted a complete hearing on the issue of child support after custody was decided. Section 505(a) of the Act sets forth a number of relevant factors to be considered by the court in determining child support.  750 ILCS 5/505(a) (West 2000).  Section 505(a) also sets forth guidelines for determining the minimum amount of child support.  750 ILCS 5/505(a) (West 2000).  The statutory guideline for one child is 20% of the supporting party's net income.  750 ILCS 5/505(a) (West 2000).  

Although the trial court normally makes a threshold determination of the party's net income before applying section 505, the legislature  recognized that situations may arise where the amount of the noncustodial parent's net income cannot be accurately determined.  Section 505(a)(5) states that "[i]f the net income cannot be determined because of default or any other reason, the court shall order support in an amount considered reasonable in the particular case."  750 ILCS 505(a)(5) (West 2000).

At the time of the evidentiary hearing, Denise was not employed, having last worked as a wholesaler of mutual funds and annuities in April 1998 earning $100,000 per year in salary.  She supported herself from interest income generated from approximately $500,000 that Denise had saved from earnings attributed to her prior employment.  No evidence was presented concerning the amount of Denise's annual interest income.  Commencing with her father's death in February 2000, Denise had additional income ranging from $50,000 to $100,000 per year derived from a trust fund.  Pursuant to the marital settlement agreement, Edward paid $646 per month for A.R.'s support.  In its memorandum opinion, the trial court noted that the figure of $1,124 per month in child support was based upon a gross income of $100,000 and represented the court's "best effort to set appropriate support when the evidence of Denise's income is difficult to establish and not clearly delineated."  

The amount of an award of child support is within the trial court's discretion and will not be disturbed on appeal absent an abuse of that discretion.  
Karonis
, 296 Ill. App. 3d at 92.  An abuse of discretion occurs where no reasonable person would take the view adopted by the trial court.  
Karonis
, 296 Ill. App. 3d at 92.  Although the trial court did not make a determination concerning Denise's net income, the evidence concerning Denise's gross income indicates that support for A.R. in the amount of $1,124 was reasonable.  The trial court's setting of child support to be paid by Denise in the amount of $1,124 per month was not an abuse of discretion. 

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and GROMETER, JJ., concur.