No. 2--05--0355　　　　　　　　　　　　　　　　　Filed: 2-22-06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

_____

| | | |
|---|---|---|
| EDWINA FERET, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 03--CH--440 |
| | ) | |
| ROBERT J. SCHILLERSTROM, as | ) | |
| Chairman of The Du Page County Board, | ) | |
| THE DU PAGE COUNTY BOARD, | ) | |
| and DU PAGE COUNTY, | ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

_____

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, Edwina Feret, sued defendants, the Du Page County Board (Board), Board Chairman Robert J. Schillerstrom, and Du Page County, alleging that the Board violated the Open Meetings Act (Act) (5 ILCS 120/1 et seq. (West 2002)) by enacting a resolution without first placing it on the agenda for a public meeting. In a previous appeal, we found those allegations sufficient to state a claim under the Act and reversed the trial court's dismissal of plaintiff's complaint pursuant to section 2--615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--615 (West 2002)). See Feret v. Schillerstrom, No. 2--03--0877 (2004) (unpublished order under Supreme Court Rule 23) (Feret I).

On remand, defendants again moved to dismiss, this time arguing that plaintiff's claim was moot. To this end, defendants argued that the Board had passed a new resolution that was similar to the resolution that plaintiff's complaint addressed. Defendants did not claim, however, that the first resolution had been repealed or that any action had been taken to render that resolution inoperative. Nevertheless, the trial court concluded that defendants had "abandoned" the first resolution, relying on statements by defendants that they did not intend to pursue that resolution. Accordingly, the trial court ruled that plaintiff's claim was moot, and it granted defendants' motion to dismiss. Plaintiff appeals. For the reasons that follow, we affirm in part, reverse in part, and remand the cause for further proceedings.

## I. BACKGROUND

The facts are detailed in our earlier decision in this case (Feret I, No. 2--03--0877) and are repeated here only as necessary. In 2003, the Board held a meeting at which it voted to adopt a resolution endorsing the proposed expansion of O'Hare International Airport (2003 Resolution). Prior to voting on the resolution, the Board did not place the item on its meeting agenda, which informs the public of what will be considered at the meeting.

Plaintiff, a resident of Du Page County, sued defendants, alleging that the Board had violated the Act by passing the 2003 Resolution without placing that item on its meeting agenda. Plaintiff sought, among other things, to have the 2003 resolution voided and to have the Board enjoined from acting on that resolution. In addition, plaintiff sought to enjoin the Board from committing future violations of the Act.

Defendants moved to dismiss plaintiff's complaint pursuant to section 2--615 of the Code (735 ILCS 5/2--615 (West 2002)). In moving to dismiss, defendants did not deny that the Board had passed the 2003 Resolution without placing it on the meeting agenda. Rather, defendants argued

that the Board's failure to place the resolution on the agenda did not violate the Act and that, even if it did, the Act did not entitle plaintiff to most of the relief she sought. The trial court concluded that plaintiff had not stated a claim under the Act and granted defendants' motion to dismiss.

As noted above, this court reversed the trial court's dismissal order. Feret I, No. 2--03--0877. In doing so, we held the trial court had erred in concluding that plaintiff had failed to state a claim under the Act and we remanded the matter to the trial court for further proceedings. In our previous disposition, we did not consider what relief plaintiff might be entitled to under the Act in the event that she was able to prove a violation.

Following this court's ruling in Feret I, the Board passed a new resolution (2004 Resolution). Although not identical to the 2003 Resolution, the 2004 Resolution did deal with the same subject matter--i.e., the proposed expansion of O'Hare. Also, like the 2003 Resolution, the 2004 Resolution called on "all government bodies" to work together to further O'Hare expansion. Following the passage of the 2004 Resolution, defendants once again moved in the trial court to dismiss plaintiff's complaint. This time, moving pursuant to section 2--619 of the Code (735 ILCS 5/2--619 (West 2002)), defendants argued that the passage of the 2004 Resolution rendered plaintiff's complaint moot. In presenting their dismissal motion before the trial court, defendants made various statements regarding the content of the 2004 Resolution, including that it was identical to that of the 2003 Resolution; that it was in essence the same as the 2003 Resolution; and, finally, that it had the same purpose as the 2003 Resolution. In any case, defendants argued, in light of the passage of the 2004 Resolution, the trial court could no longer grant plaintiff effectual relief on her claim that the 2003 Resolution had been enacted in violation of the Act. Thus, defendants argued, plaintiff's claim was moot.

At the hearing on the motion, the trial court asked defendants whether, in light of the passage of the 2004 Resolution, they had "abandoned" the 2003 Resolution. Defendants said that this was "a fair statement." Next, the trial court stated that Feret I basically held "that the 2003 Resolution was a nullity." At first, defendants agreed with the trial court's characterization of Feret I. However, defendants later stated that Feret I held only that the trial court could consider whether the 2003 Resolution was a nullity (i.e., void). That said, defendants assured the trial court that the Board did not intend to revisit the 2003 Resolution.

In response, plaintiff argued that there was no evidence that the Board had abandoned the 2003 Resolution. Additionally, plaintiff argued that the 2004 Resolution was not essentially the same as the 2003 Resolution. For these reasons, plaintiff argued, her claim was not moot. Plaintiff argued that the trial court could still grant her effectual relief by, among other things, voiding the 2003 Resolution, enjoining defendants from acting on that resolution, and enjoining defendants from violating the Act in the future.

The trial court rejected plaintiffs' arguments and granted the motion to dismiss. Specifically, the trial court concluded that defendants had abandoned the 2003 Resolution. When plaintiff asked the trial court how it reached this conclusion, the trial court replied that defendants' counsel said the 2003 Resolution had been abandoned. The trial court said that counsel's statement constituted a "judicial admission," which was binding on defendants. Having concluded that defendants had abandoned the 2003 Resolution, and noting that plaintiff's complaint had attacked that resolution, the trial court concluded that it could not grant plaintiff effectual relief. Therefore, the trial court found plaintiff's claim moot. Plaintiff then filed this timely appeal.

## II. ANALYSIS

At the outset, we must address some confusion regarding our decision in Feret I.  On remand from that decision, the trial court commented that Feret I "essentially said that the 2003 Resolution was a nullity."  Defendants, by contrast, have taken a variety of conflicting positions on the meaning of Feret I.  For example, in the trial court, defendants at one point said that, based on Feret I, the trial court could enter immediately an order voiding the 2003 Resolution.  At another point, however, defendants said that Feret I held only that the trial court could consider the issue.  At still another point, defendants maintained that, Feret I notwithstanding, they had not violated the Act.  Finally, on appeal, defendants have suggested that, after Feret I, "the 2003 Resolution is of no force and effect."

Both the trial court and defendants have misread Feret I.  As plaintiff correctly points out, Feret I held only that plaintiff had stated a claim under the Act.  Feret I, No. 2--03--0877.  Based on this conclusion, Feret I remanded the matter to the trial court for further proceedings.  Feret I, No. 2--03--0877.  Of course, implicitly, those proceedings were to be conducted in light of the fact that, while defendants have disputed what relief is appropriate when the Act has been violated, they have never denied engaging in the conduct that formed the basis of plaintiff's complaint.  In all events, to the extent Feret I has been read as holding more than it did, that reading is mistaken.

Having dealt with the meaning of Feret I, we turn to consider the case before us.  The trial court granted defendants' motion to dismiss pursuant to section 2--619 of the Code, which is a decision this court reviews de novo.  Borowiec v. Gateway 2000, Inc., 209 Ill. 2d 376, 383 (2004).  Specifically, the trial court agreed with defendants' contention that the passage of the 2004 Resolution rendered plaintiff's claim moot.  *A claim is moot if no actual controversy exists or if events have occurred that make it impossible for a court to grant the claimant effectual relief.*  In re Andrea F., 208 Ill. 2d 148, 156 (2003).

Here, defendants assert that the passage of the 2004 Resolution was an event that makes it impossible to grant plaintiff effectual relief. In support of their position, defendants argue that, because the 2004 Resolution has the same purpose as the 2003 Resolution, the Board has no need to revisit the 2003 Resolution. In other words, they argue that the Board has "abandoned" the 2003 Resolution in favor of the 2004 Resolution. The trial court agreed with this position. In fact, it called defendants' statement to this effect a binding judicial admission.

Before turning to the merits of the trial court's decision, we must address defendants' argument that plaintiff has waived review of the judicial admission issue. In order to preserve an issue for review, a party must make an appropriate objection in the trial court. Cianci v. Safeco Insurance Co. of Illinois, 356 Ill. App. 3d 767, 778 (2005). Here, defendants contend that plaintiff waived the judicial admission issue by failing to specifically object to the trial court's statement that defendant had admitted abandonment. Defendants' argument is unconvincing for several reasons.

To begin with, it is irrelevant. While plaintiff did not specifically object to the trial court's statement that defendants had "admitted" abandonment, plaintiff did strenuously contest the trial court's conclusion that the 2003 Resolution had been abandoned. It is that conclusion that plaintiff challenges on appeal. And it is that conclusion that is before this court for review. Thus, to a large extent, the question of whether plaintiff waived the admission issue is beside the point.

Moreover, even if the issue of judicial admission were the crux of the matter before us, it would be unfair to strictly apply waiver against plaintiff. This is because, as discussed below, defendants too are guilty of waiver. Accordingly, notions of basic fairness dictate consideration of plaintiff's contention. Finally, to the extent the issue of judicial admission is raised by the trial court's conclusion, we think it proper to address the trial court's conclusion on this point. As our supreme court has long held, waiver is an admonition to the parties and not a limitation on the

jurisdiction of a reviewing court. See, e.g., People v. Normand, 215 Ill. 2d 539, 544 (2005); Hux v. Raben, 38 Ill. 2d 223, 224-25 (1967). One reason for this rule is this court's duty to maintain a consistent body of law. To this end, even when a party fails to preserve an issue for review, we "may choose *to address it in the interest of preserving a sound and uniform body of precedent.* Central Illinois Light Co. v. Home Insurance Co., 213 Ill. 2d 141, 152 (2004). Here, as discussed below, the trial court misapplied the concept of judicial admission. Because the issue of judicial admission comes up often, we feel that addressing the trial court's error is necessary to "preserve[] a sound and uniform body of precedent" (Central Illinois Light, 213 Ill. 2d at 152). Consequently, although this issue is somewhat peripheral, and waiver notwithstanding, we will address the trial court's finding that defendants judicially admitted abandonment. In doing so, we consider whether the trial court's finding that defendants made a judicial admission was against the manifest weight of the evidence. See Lowe v. Kang, 167 Ill. App. 3d 772, 780 (1988) (holding that trial court's finding that party had judicially admitted its liability was not against manifest weight of the evidence) .

The trial court's finding that defendants admitted abandonment is flawed in two significant ways. First, and most obviously, by treating defendants' statement as a judicial admission, the trial court turned that concept on its head. Judicial admissions are "[f]ormal acts *** by a party or his attorney *** for the purpose of dispensing with proof by the opposing party of some fact claimed by the latter to be true." (Emphasis added.) Black's Law Dictionary 48 (6th ed. 1990). Here, defendants were the ones asserting that the 2003 Resolution had been abandoned. For her part, plaintiff disputed that assertion. Nevertheless, the trial court found that defendants had judicially admitted abandonment. Consider what would happen if we applied this reasoning to a negligence case involving a car crash. In this hypothetical case, the defendant insists that the traffic light was green, and the plaintiff insists it was red. Applying the reasoning of the trial court, we could find

that the defendant "admitted" that the light was green, and, by so doing, established that fact. Simply put, that is not how our legal system works. Second, conclusions of fact, not conclusions of law, are proper subjects for judicial admission. See People ex rel. Department of Public Health v. Wiley, 348 Ill. App. 3d 809, 819 (2004). Defendants' assertion that they abandoned the 2003 Resolution is a legal conclusion. Therefore, it is not a proper subject for judicial admission, and we conclude that the trial court's finding that defendants' statement was a judicial admission was against the manifest weight of the evidence and that the trial court erred in relying upon the statement as a basis to dismiss plaintiff's complaint.

Now we turn back to the central issue in this case, namely, whether by passing the 2004 Resolution, defendants mooted plaintiff's claim. Although the parties spend a great deal of time discussing whether the 2003 Resolution is similar to the 2004 Resolution, and whether, by passing the latter, defendants abandoned the former, the bottom line is that plaintiff's claim is moot only if the 2003 Resolution has been rendered inoperative. Only then would it be impossible for a court to grant plaintiff effectual relief by, for example, voiding the 2003 Resolution and enjoining defendants from acting on it. See Andrea F., 208 Ill. 2d at 156. So far as the case law reveals, there are only two ways to render legislation inoperative: expressly repeal it, or do so implicitly. See Jahn v. Troy Fire Protection District, 163 Ill. 2d 275, 280 (1994); *Lily Lake Road Defenders v. County of McHenry*, 156 Ill. 2d 1, 8 1993 stating that a statute which is repealed is legally eliminated . The 2004 Resolution contains no language expressly repealing the 2003 Resolution. Thus, the 2003 Resolution was not expressly repealed.

Nor was it implicitly repealed. As the supreme court has repeatedly stated, repeal by implication is disfavored and occurs only if two pieces of legislation conflict with one another. See, e.g., U.S. Bank National Ass'n v. Clark, 216 Ill. 2d 334 (2005); In re Marriage of Lasky, 176 Ill. 2d

75, 79-80 (1997); Jahn, 163 Ill. 2d at 280.  Put another way, *implied repeal results only when the terms and operation of a later statute are so repugnant to the terms and operation of an earlier one that both cannot stand.  Lasky, 176 Ill. 2d at 80.*  Here, there has been no suggestion that the 2004 Resolution and the 2003 Resolution conflict.  More importantly, a simple reading of the two resolutions belies any argument that they do.  For example, as defendants argue at great length, both resolutions advance the Board's support of O'Hare expansion.  And, probably more importantly, both resolutions do so in the exact same way, that is, by calling on "all government bodies" to work together to that end.  Therefore, under well-settled supreme court precedent, the 2004 Resolution did not repeal the 2003 Resolution.  Rather, the latter is still operative.  Because it is, plaintiff's complaint attacking it is not moot.

In arguing to the contrary, defendants insist that, because the 2004 Resolution serves the same purpose as the 2003 Resolution, they have no need to revisit the 2003 Resolution.  Defendants thus argue that plaintiff cannot be granted effectual relief in her attack on that resolution.  Defendants' contention amounts to an argument that, although the resolution plaintiff complains of is still operative, her complaint is moot, because defendants promise not to act on that resolution.

Defendants' argument fails for two important reasons.  First, defendants have waived this argument.  It is axiomatic that a party must support arguments with citation to relevant authority.  See Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), (f), eff. October 1, 2001; Hills v. Bridgeview Little League Ass'n, 195 Ill. 2d 210, 233 (2000).  Here, defendants cite no authority in support of their position that they may abandon legislation and thereby render moot an attack on that legislation.  Thus, this argument is waived.  Second, waiver aside, defendants' argument is belied by the case law.  For example, in Szczurek v. City of Park Ridge, 97 Ill. App. 3d 649 (1981), the plaintiff filed an equal protection suit attacking the defendant municipality's trash

collection ordinance. Before the plaintiff's claim could be heard, the defendant repealed that ordinance. The court held that, to the extent the plaintiff sought to enjoin the enforcement of a repealed ordinance, her claim was moot. Szczurek, 97 Ill. App. 3d at 654. By contrast, in the present case, defendants have never repealed the 2003 Resolution. Thus, to the extent plaintiff seeks to void that resolution and enjoin defendants from acting on it, her claim is not moot.

To summarize, we conclude that the trial court erred in granting defendants' motion to dismiss pursuant to section 2--619 of the Code. The trial court's determination that defendants judicially admitted abandoning the 2003 Resolution was contrary to the manifest weight of the evidence and was an improper basis for the trial court to conclude that defendants had "abandoned" the 2003 Resolution. Without any evidence that the 2003 Resolution is legally inoperative or has been explicitly or implicitly repealed, it remains in effect, and plaintiff's complaint is not moot.

Plaintiff requests that we remand the case with instructions that the trial court enter a judgment declaring defendants in violation of the Act. Given the protracted nature of this litigation, we can certainly empathize with plaintiff's frustration at the lengthy proceedings in this case. Furthermore, as we noted in Feret I, the violation alleged concerns a matter of serious public interest. See Feret I, slip order at 9. Although plaintiff originally filed her complaint almost three years ago and has been before this court on two separate occasions, she still does not have an answer to her complaint. However, lacking an answer by defendants to the allegations of plaintiff's complaint, the parties are not at issue, and we are not in a position to enter judgment. We do note that this court has already determined in Feret I that plaintiff has sufficiently alleged a violation of the Act. See Feret I, slip order at 9. Based upon the record and the briefs before us, it does not appear that the operative facts alleged in plaintiff's complaint are disputed. Therefore, assuming defendants do not deny her allegations of fact, the instant case may proceed expeditiously on

remand, and we direct the trial court to hear this case in an accelerated fashion. We do, however, deny plaintiff's request to enter judgment.

Plaintiff raises one final point. Specifically, plaintiff argues that the trial court erred in denying her motion for sanctions, in which she argued that defendants' motion to dismiss violated Supreme Court Rule 137 (155 Ill. 2d R. 137). Rule 137 requires an attorney to perform a reasonable inquiry of fact and law before submitting a motion to the court. 155 Ill. 2d R. 137. The attorney must do so in order to ensure that the motion is "*well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law*." 155 Ill. 2d R. 137. Additionally, Rule 137 is intended to prevent the filing of improper motions, that is, motions intended *to harass or to cause unnecessary delay or needless increase in the cost of litigation*." 155 Ill. 2d R. 137. The trial court's decision on the question of sanctions is entitled to great weight and may not be disturbed on appeal absent an abuse of discretion. Toland v. Davis, 295 Ill. App. 3d 652, 654 (1998).

In moving for sanctions, plaintiff argued that defendants misstated in their motion to dismiss that the 2004 Resolution "contains language identical to the [2003] Resolution." Plaintiff argues that a simple, side-by-side reading of the two resolutions shows this claim to be untrue. Since, according to plaintiff, this contention formed the basis of defendants' argument that plaintiff's claim was moot, plaintiff argued that defendants' motion was not "well grounded in fact."

We disagree. Despite defendants' misstatement that the 2003 and 2004 Resolutions were identical, we cannot say that the trial court's denial of sanctions constituted an abuse of discretion. While the resolutions are not identical, we note that much of the 2004 Resolution does contain language identical to the 2003 Resolution. Additionally, we find no evidence that defendants' dismissal motion was filed with improper motives or with intent to harass plaintiff. When reviewing

a trial court's decision on sanctions, we are limited by the abuse of discretion standard. Under this standard, the trial court's decision is entitled to substantial deference. See Toland, 295 Ill. App. 3d at 654. This being the case, although defendants' motion missed the mark under existing law, we nonetheless affirm the trial court's denial of sanctions.

### III. CONCLUSION

For the reasons stated, the judgment of the circuit court of Du Page County is affirmed in part and reversed in part, and the cause is remanded.

Affirmed in part and reversed in part; cause remanded.

McLAREN and KAPALA, JJ., concur.